# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL Z. MOHRBACHER,<br><br>Petitioner<br><br>v.<br><br>FELICIA PONCE,<br><br>Respondent. | Case No. CV 18-00513-DMG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition"), Respondent's Motion to Dismiss the Petition ("Motion") and Petitioner's response, all pleadings and other documents filed in this action, and the Report and Recommendation of United States Magistrate Judge ("Report"). The time to file objections to the Report passed in August 2018, and no objections have been filed with the Court. On January 2, 2019, however, Petitioner filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("12(c) Motion").

The Petition alleges four grounds, each of which are analyzed in the Report. In the 12(c) Motion, Petitioner states that he "concedes" Grounds One and Two, because they appear to be moot, and "abandon[s] litigation on" Ground Three. He asks to be granted habeas relief based on Ground Four, particularly in light of the

recent passage of the First Step Act.

At the time the Report issued, the First Step Act was in limbo, with the bill passed in the Hour of Representatives having stalled in the Senate, as discussed in the Report (p. 11 n.2). In December 2018, an updated version of the First Step Act was approved by Congress and signed into law by the President. The language of the Act that modifies 18 U.S.C. § 3582(c)(1)(A), and on which Petitioner relies, provides that a sentencing court now may modify a sentence not only upon motion made by the Director of the Bureau of Prisons but also upon motion made by a defendant when certain conditions are met. While the new statutory provision may afford Petitioner a basis for relief *in the sentencing court* that he did not possess at the time the Petition was filed,[1] it does not provide any basis for this Court to grant relief based on the theory on which Ground Four is based, *i.e.,* that the Director of the Bureaus of Prisons erred in relying on a BOP Program Statement when denying Petitioner's request that the Director bring a Section 3582(c)(1)(A) motion on Petitioner's behalf. Accordingly, the 12(c) Motion does not warrant relief.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Respondent's Motion is GRANTED; (2) the 12(c) Motion is DENIED; (3) the Petition is DENIED; and (4) Judgment shall be entered dismissing this action without prejudice to Petitioner (or the Director of the Bureau of Prisons) filing any appropriate sentence reduction motion in the sentencing court.

DATED: January 10, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[1] In the 12(c) Motion, Petitioner asserts that other new provisions of the First Step Act support his entitlement to receive compassionate release. Whether or not these new provisions do so is a question to be resolved pursuant to a motion for sentence reduction made in the sentencing court, not by this Court.